This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                          **NO. 34,894**

**DESIREE TORRES,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Steven Johnson, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Acting Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} The State appeals from the district court's order dismissing the charges against Defendant Desiree Torres without prejudice. This Court issued a first calendar notice proposing summary dismissal for lack of a final, appealable order. The State filed a timely first memorandum in opposition to this Court's notice of proposed disposition. Following this Court's decision in *State v. Angulo*, No. 34,714, mem. op. ¶ 1 (N.M. Ct. App. Jan. 5, 2016) (non-precedential), concluding that the State is entitled to an immediate right of appeal from the district court's order dismissing the case without prejudice, we issued a second notice addressing the merits of the appeal and proposing to affirm. In response, the State filed a timely second memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**Materiality**

{2} We turn first to the State's argument that the State was not required to disclose the second CADS log because there was no showing of materiality to the defense. [2 MIO 3] The State acknowledges that Local Rule 2-400(D)(1) NMRA (2015) "does not contain any language limiting the State's duty to provide copies of documentary evidence based on a lack of materiality to the defense[,]" but argues that because Rule 5-501(A)(3) NMRA requires a showing of materiality, this Court should interpret LR 2-400 to "place[] similar limits on the State's duty to provide copies of documentary

evidence as those limits placed on the State's duty to disclose documents under Rule 5-501." [2 MIO 4]

{3}    We decline to adopt the State's proposed construction of LR 2-400 because doing so would conflict with the plain language of the local rule. As our second notice observed, pursuant to LR 2-400(D)(1), the State is required to make all initial disclosures "described in Rule 5-501(A)(1)-(6) . . . at the arraignment or within five (5) days of when a written waiver of arraignment is filed[.]" LR 2-400(D)(1). [2 CN 4–5] In addition to those disclosures, however, the State is also required to provide, at the same time, "copies of documentary evidence, and audio, video, and audio-video recordings made by law enforcement officers or otherwise in possession of the state." [2 CN 5 (quoting LR 2-400(D)(1)] The Rule provides that "[e]vidence in the possession of a law enforcement agency or other government agency is deemed to be in possession of the state for purposes of this rule." LR 2-400(D)(3). Therefore, we conclude that the plain language of LR 2-400 is broader than that of Rule 5-501(A)(3), requiring the State to provide to the defense copies of documentary evidence irrespective of a showing of materiality. Accordingly, we affirm.

**Lack of Reasonable Opportunity for Disclosure**

{4}     We turn next to the State's second argument that the State should have received a reasonable opportunity to disclose the CADS evidence after the district court determined that the evidence was subject to disclosure. [2 MIO 7] In support of its contention, the State relies on *State v. Harper*, 2011-NMSC-044, ¶¶ 16–20, 150 N.M. 745, 266 P.3d 25, to argue that the district court's dismissal without prejudice was an inappropriate sanction because the State asserted in good faith that the CADS log was not subject to disclosure. [2 MIO 7–8] The State argues that this Court should read LR 2-400 to allow the State to assert that the evidence is not discoverable, permit the parties to litigate the issue, and then if the district court determines that the evidence is discoverable, to treat the evidence as newly discovered evidence pursuant to Rule 5-505(A). [2 MIO 8–9] In short, the State argues that LR 2-400 mandates a different result when read in conjunction with *Harper*. [2 MIO 7–9]

{5}     We disagree and conclude that *Harper* is not analogous to the present situation. In *Harper*, the district court excluded two key witnesses on behalf of the State, which precluded the State from making a prima facie case against the defendant. 2011-NMSC-044, ¶ 1. Our Supreme Court emphasized the serious nature of this type of sanction, explaining that the exclusion of these key witnesses was the functional equivalent of a dismissal with prejudice. *Id.* ¶ 21. Given the extreme effect of this type

4

of sanction and its impact on the fairness of the judicial process, our Supreme Court explained that "like outright dismissal of a case, the exclusion of witnesses should not be imposed except in extreme cases, and only after an adequate hearing to determine the reasons for the violation and the prejudicial effect on the opposing party." *Id.* A dismissal without prejudice, however, where nothing appears to bar the State from reindicting a defendant, does not fall within the category of extreme sanctions contemplated by *Harper*, and the State has not pointed us to any authority suggesting otherwise. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{6}**     For the foregoing reasons, we affirm.

**{7}**     **IT IS SO ORDERED.**

---

**J. MILES HANISEE, Judge**

**WE CONCUR:**

---

**MICHAEL D. BUSTAMANTE, Judge**

---

5

**JONATHAN B. SUTIN, Judge**